127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evangeline CORREA-CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70010
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997**
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Evangeline Correa-Cruz, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Correa-Cruz contends that the IJ's finding that she failed to establish past persecution or a well-founded fear of persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Correa-Cruz must show that she has suffered past persecution or has a well-founded fear of persecution in the Philippines on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). She must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation and citation omitted).
 
 
 6
 Here, Correa-Cruz testified that, in 1985, her friend, Tony, tricked her into visiting a military encampment belonging to the New People's Army ("NPA"). During her visit, the NPA attempted to recruit her. Correa-Cruz testified that she did not want to join the NPA because she wanted to finish college. Correa-Cruz instead offered financial support and her family made monthly payments of 10,000 pesos for three years.
 
 
 7
 In 1989, Tony was killed in a conflict between the NPA and the military. Shortly thereafter, Correa-Cruz's family stopped paying the revolutionary tax. In order to avoid the NPA, Correa-Cruz moved from her grandparents' house in Caloocan City to live with her parents in Quezon City. The NPA sent threatening letters to both her grandparents' home and her parents' home. Correa-Cruz left the Philippines in 1991. She testified that in 1995 her grandfather's brother was abducted by the NPA and held for ransom, but was released after the ransom was paid.
 
 
 8
 Here, substantial evidence supports the IJ's determination that Correa-Cruz failed to establish her eligibility for asylum. Because Correa-Cruz was never detained, jailed, or physically harmed, she cannot establish past persecution. See Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir.1988) (holding that persecution requires the infliction of suffering or harm).
 
 
 9
 Moreover, although Correa-Cruz's testimony may have established that she genuinely fears persecution if returned to the Philippines, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), she did not adduce sufficient evidence to support an objectively reasonable well-founded fear of persecution on account of one of the enumerated grounds, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). Because Correa-Cruz has not established that the NPA's interest in her or her family was other than financial, Correa-Cruz has failed to demonstrate that she has a well-founded fear of persecution on account of one of the five enumerated grounds. See Acewicz, 984 F.2d at 1061.
 
 
 10
 Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See id. at 1062.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3